**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**TONY ALBERTO LOPEZ FUENTES,**

Petitioner,

v. Civil Action No. **3:26CV785 (RCY)**

**PAUL PERRY, *et al.*,**

Respondents.

## MEMORANDUM OPINION

Tony Alberto Lopez Fuentes ("Petitioner"), proceeding *pro se*, is an alien who is present in the United States without admission. He filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("§ 2241 Petition," ECF No. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement ("ICE"). Petitioner alleges, *inter alia*, that Respondents' application of 8 U.S.C. § 1225(b) to mandate his detention violates the Immigration and Nationality Act. ECF No. 1, at 6.[1] Respondents filed an Opposition. ECF No. 5. Petitioner has not filed a response. For the reasons set forth below, the § 2241 Petition will be DENIED.

## I. PROCEDURAL HISTORY

On August 6, 2026, Petitioner filed his § 2241 Petition claiming that he had been improperly denied a bond hearing and was not subject to mandatory detention. ECF No. 1, at 6. Petitioner stated that he was taken into custody on June 6, 2026, he will be at risk if he is removed to his home country, and he was released on parole in 2024. *Id.* at 4–6.

On August 19, 2026, Respondents filed an Opposition in which they assert that Petitioner is detained pursuant to 8 U.S.C. § 1231 and the § 2241 Petition should be dismissed because

[1] The Court employs the pagination assigned by the CM/ECF docketing system.

Petitioner has been detained less than three months, much less than the presumptively reasonable six months; Petitioner has not shown that there is no significant likelihood of removal in the reasonably foreseeable future, and that compliance with *Zadvydas v. Davis*, 533 U.S. 678 (2001), in this case serves to provide Petitioner with due process. ECF No. 5, at 1–2.

## II. FACTUAL BACKGROUND

Petitioner provides very little information in his § 2241 Petition. The background is necessarily taken from submissions provided by Respondents.

> 5. Petitioner is a 28-year-old native and citizen of Honduras.
>
> 6. On or about January 18, 2018, Petitioner entered the United States without being admitted or paroled after inspection. He was encountered by Border Patrol ("BP") agents in the Rio Grande Valley, Texas Border Patrol Sector. After determining Petitioner's identity, alienage, and removability, he was taken into civil immigration custody. While in custody, Petitioner claimed fear of returning to Honduras.
>
> 7. On January 19, 2018, Petitioner was issued a Notice to Appear ("NTA"), and he was placed into removal proceedings pursuant to 8 U.S.C. § 1229a. The NTA charged him with being removable under 8 U.S.C. § 1182(a)(6)(A)(i) as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General.
>
> 8. On March 27, 2018, Petitioner appeared at the Los Fresnos, Texas Immigration Court pro se for a Master Calendar Hearing. The Immigration Judge continued his removal proceedings.
>
> 9. On April 4, 2018, Petitioner appeared at the Los Fresnos, Texas Immigration Court pro se for another Master Calendar Hearing. Petitioner admitted to the allegations contained in his NTA, and the Immigration Judge sustained the charge of removability. Petitioner requested Spain as a country of removal; therefore, the Immigration Judge designated Spain as the country of removal and Honduras in the alternative. The Immigration Judge continued his removal proceedings.
>
> 10. On April 18, 2018, Petitioner filed Form I-589, Application for Asylum and Withholding of Removal, with the Immigration Court.
>
> 11. After several Master Calendar Hearings, the Immigration Judge scheduled Petitioner's Merits Hearing for June 25, 2018.
>
> 12. On June 25, 2018, Petitioner appeared at the Los Fresnos, Texas Immigration Court pro se for his Merits Hearing. Petitioner proceeded with his application for asylum, withholding of removal under 8 U.S.C. § 1231(b)(3), withholding of removal under the regulations implementing the Convention Against Torture, and deferral of removal under the regulations implementing the

> Convention Against Torture. At the conclusion of Petitioner's Merits Hearing, the Immigration Judge denied all forms of relief and protection. The Immigration Judge ordered Petitioner removed to Spain and in the alternative to Honduras. Petitioner waived appeal of the Immigration Judge's decision and the decision became final.
>
> 13. On July 2, 2018, [Immigration and Customs Enforcement ("ICE")] [Enforcement and Removal Operations ("ERO")] removed Petitioner to Honduras.
>
> 14. On or about April 27, 2024, BP agents encountered Petitioner in the Rio Grande Valley, Texas Border Patrol Sector. After determining Petitioner's identity, alienage, and removability, he was taken into civil immigration custody, and his removal order was reinstated pursuant to 8 U.S.C. § 1231(a)(5). While in custody, Petitioner expressed a fear of returning to his country, and he was referred to the U.S. Citizenship and Immigration Services ("USCIS") for a Reasonable Fear Interview under 8 C.F.R. § 208.31.
>
> 15. On May 22, 2024, an Asylum Officer conducted a Reasonable Fear Interview and determined that Petitioner demonstrated a reasonable fear of torture upon returning to Honduras. Petitioner's case was not immediately referred to Immigration Court for Withholding Only Proceedings.
>
> 16. On June 14, 2024, Petitioner was released from detention on an order of supervision and provided a Form I-220B, Order of Release on Supervision.
>
> 17. On June 5, 2026, ICE agents encountered Petitioner while conducting an operation in Salisbury, Maryland. After determining Petitioner's identity, alienage, and removability, he was taken into civil immigration custody to continue his Withholding Only Proceedings.
>
> 18. On July 21, 2026, Petitioner's case was referred to Immigration Court for Withholding Only Proceedings to pursue withholding of removal under 8 U.S.C. § 1231(b)(3), withholding of removal under the regulations implementing the Convention Against Torture, and deferral of removal under the regulations implementing the Convention Against Torture.
>
> 19. On July 30, 2026, ICE ERO issued Petitioner a notice of custody review. The notice informed Petitioner that his custody review will be on or about September 4, 2026.
>
> 20. On August 11, 2026, Petitioner appeared in the Annandale, Virginia Immigration Court pro se for his Withholding Only Hearing. Petitioner requested additional time to retain counsel, and the Immigration Judge continued his Withholding Only Hearing and rescheduled it for August 26, 2026.
>
> 21. On August 12, 2026, ICE ERO submitted a travel document request with the Government of Honduras.
>
> 22. Pending the results of his Withholding Only Proceedings and absent the underlying habeas petition, ICE is able to resume working on Petitioner's removal to Honduras since his removal is likely in the reasonably foreseeable future.

ECF No. 5-1 ¶¶ 5–22.

## III. STANDARD OF REVIEW

### A. Habeas Petitions

28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." *Id.* "A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States." *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations and brackets omitted); *see also Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

### B. Detention Under 8 U.S.C. § 1231 and *Zadvydas*

8 U.S.C. § 1231[2] governs the detention and removal of aliens subject to final orders of removal. Under § 1231, upon the issuance of a final order of removal to an alien, the alien shall be removed "within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). The alien "*shall*" be detained during the removal period. *Id.* § 1231(a)(2)(A). An alien not removed during the 90-day removal

---

[2] Providing, in pertinent part:

> (a) Detention, release, and removal of aliens ordered removed
>
> (1) Removal period
>
> (A) In general
>
> Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period")
>
> * * *
>
> (2) Detention
>
> (A) In general
>
> During the removal period, the Attorney General shall detain the alien[.]

8 U.S.C. § 1231(a)(1)–(2).

period may be released or detained. Under 8 U.S.C. § 1231(a)(3), aliens who do not leave the United States or are not removed during the removal period "*shall* be subject to supervision" pending their removal. 8 U.S.C. § 1231(a)(3) (emphasis added). But § 1231(a)(6) provides allowance for the continued detention of an alien after the removal period.

Section 1231 "does not specify a time limit on how long DHS may detain an alien in the post-removal period." *Castaneda v. Perry*, 95 F.4th 750, 755–56 (4th Cir. 2024). But the United States Supreme Court addressed this issue in *Zadvydas v. Davis*, 533 U.S. 678 (2001). In *Zadvydas*, the Supreme Court considered whether § 1231(a)(6) authorizes the indefinite detention of an alien subject to a removal order, or whether the statute permits detention only for a period reasonably necessary to secure the alien's removal. *Zadvydas*, 533 U.S. at 692. Recognizing the "serious constitutional problem arising out of a statute that . . . permits an indefinite, perhaps permanent, deprivation of human liberty," *id.*, the *Zadvydas* Court "construe[d] [§ 1231] to contain an implicit 'reasonable time' limitation.'" *Id.* at 682. This period, the Supreme Court determined, is presumptively six months. *Id.* at 701.

The six-month presumption "does not mean that every alien not removed must be released after six months." *Id*. But if an alien is detained beyond six months, the reasonable presumption no longer exists. At that point, if the alien makes a *prima facie* showing "'that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing' or release the alien." *Castaneda*, 95 F.4th at 756 (quoting *Zadvydas*, 533 U.S. at 701); *see also Menghua Wan v. Crawford*, No. 1:13-cv-1473 (JCC), 2014 WL 970180, at *3 (E.D. Va. Mar. 12, 2014) (explaining the burden-shifting test established in *Zadvydas* to assess the constitutionality of detention following the presumptively reasonable six-month period).

## IV. ANALYSIS

Here, Petitioner has only been detained on the reinstated final order of removal since June 5, 2026, which is less than three months, and far less than the presumptively reasonable six-month period. *See Zadvydas*, 533 U.S. at 701. Additionally, Petitioner has not met his burden to show that there is not significant likelihood of removal in the reasonably foreseeable future. Respondents submitted a travel document request with Honduras and will proceed with Petitioner's removal upon resolution of this habeas action and Petitioner's Withholding Only Proceedings. ECF No. 5-1 ¶¶ 21–22. The Court finds that Petitioner's removal is likely to occur in the reasonably foreseeable future, *Zadvydas*, 533 U.S. at 701, and therefore the Court must deny the § 2241 Petition.

## V. CONCLUSION

The § 2241 Petition (ECF No. 1) will be DENIED.

An appropriate Final Order will issue.

/s/ RCY
Roderick C. Young
United States District Judge

Date: September 8, 2026
Richmond, Virginia